UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID R. NEAL,               )
                             )
        Plaintiff,            )
                             )    CAUSE NO. 3:17-CV-43 RLM
    vs.                      )
                             )
CORIZON, *et. al.*,          )
                             )
        Defendants.           )

OPINION AND ORDER

David R. Neal, a *pro se* prisoner, filed a complaint against Dr. Noie J. Marandet, Kim Myers and Corizon arising out of the medical treatment he received at the Westville Correctional Facility. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state a claim under

1

§ 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009).

Mr. Neal makes two complaints about the medical treatment he is getting at Westville. First, he complains that he isn't receiving a Harvone Treatment[1] for his Hepatitis-C. Though Dr. Marandet and Kim Myers told him that he is a candidate for Harvoni, he claims that "Corizon refuses to give me this treatment." (DE 5 at 3.) He alleges that not receiving Harvoni violates his constitutional rights.

In medical cases, the constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of Estelle v. Gamble

---

[1] The court assumes Mr. Neal refers to Harvoni, a medication to treat chronic hepatitis C that received FDA approval in 2014.
https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm418365.htm (last visited Feb. 23, 2017).

2

[429 U.S. 97 (1976)]." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Mr. Neal hasn't alleged any facts demonstrating that any defendant was deliberately indifferent to his medical needs. the complaint reflects that Dr. Marandet and Kim Myers examined Mr. Neal and told him he was a candidate to receive Harvoni. Mr. Neal doesn't provide any additional facts alleging that they were indifferent to his need for Harvoni. He doesn't say whether they prescribed him that medication (or a suitable alternative), denied him that medication, or otherwise knew that he needed that medication but wasn't receiving it. Instead, Mr. Neal blames Corizon, the private company which provides medical care at the prison, for his not receiving Harvoni. It appears he is trying to hold Corizon liable simply because someone at Westville denied him Harvoni. There is no general liability of an employer under 42 U.S.C. § 1983 for an employee's actions. Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). The complaint doesn't plausibly allege that any of the named defendants have violated Mr. Neal's Eighth Amendment rights.

3

Even if Mr. Neal had plausibly alleged an Eighth Amendment violation, he is unsure whether he ever filed a prison grievance with respect to not receiving Harvoni. This could be fatal to any claim he may have. Under the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If Mr. Neal didn't take advantage of the available administrative remedies, he must do so before he can proceed on this claim here. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

Second, Mr. Neal alleges that he has chronic leg problems that have required medical care since 1999. He complains that he is charged a $5 co-pay for each medical appointment. Mr. Wilson submitted a grievance in an attempt to obtain treatment without paying an additional co-pay, which was denied. Mr. Neal's allegations do not state an Eighth Amendment claim. Mr. Neal doesn't allege, and it cannot be reasonably inferred from the complaint, that anyone denied Mr. Wilson medical treatment for his legs. Instead, Mr. Neal's complaint is that he isn't being provided free care for the treatment of his legs. Although the constitution guarantees necessary medical care, but not free medical care, for inmates. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 n.7 (1983). Mr. Neal doesn't allege that he was denied care because he couldn't afford to pay for it, only that as a matter of principle he should not have been charged. This does not state an Eighth Amendment claim.

Though the complaint does not state a claim, it might be possible for Mr. Neal to present additional facts that would state a claim against some defendant based on not receiving Harvoni for his Hepatitis-C, so the court gives him the opportunity to file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). Any amended complaint must explain how each defendant was personally involved and what that defendant did (or didn't do) which makes that defendant liable to him. Any amended complaint also needs to provide when these events occurred and needs to describe what injuries he has suffered. Mr. Neal also needs to address whether he exhausted his administrative remedies.

For the foregoing reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to David R. Neal; and

(2) GRANTS Mr. Neal until April 3, 2017, to file an amended complaint.

If Mr. Neal doesn't respond by that deadline, this case will be dismissed without further notice because his current complaint does not state a claim.

SO ORDERED.

ENTERED: March  1 , 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court