UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID R. NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-43 RLM |
| vs. | ) |
| | ) |
| CORIZON, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

David R. Neal, a *pro se* prisoner, originally filed a complaint against Dr. Noie J. Marandet, Kim Myers and Corizon arising out of the medical treatment he received at the Westville Correctional Facility. The court found that his original complaint didn't state a plausible claim, but gave Mr. Neal leave to file an amended complaint in the spirit of Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). Mr. Neal has now filed his amended complaint.

The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6),

1

a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). In order to state a claim under § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Neal, an inmate at Westville, has two complaints about his medical treatment. First, he complains that he isn't getting a Harvoni Treatment for his Hepatitis-C. He says that Dr. Marandet and Kim Myers told him that he is a candidate for Harvoni, but Corizon refuses to give him this treatment. He believes that not receiving Harvoni violates his constitutional rights. Mr. Neal admits that he did not exhaust his administrative remedies with respect to this claim before filing suit. Mr. Neal explains that he initiated the grievance process but hasn't yet exhausted it; he is still awaiting a response from the final level of review. This allegation makes clear that a grievance process is available at the prison, but that Mr. Neal hadn't completed it before filing this case.

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). Although the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002); see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff pleads himself out of court). Mr. Neal's complaint meets this standard.

Exhaustion isn't optional; it's a mandatory prerequisite to filing suit over prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Id. at 1023. Mr. Neal simply chose to file this lawsuit before his prison administrative process was completed. Because it is apparent from the complaint that Mr. Neal hasn't exhausted his available administrative remedies before filing this lawsuit, Section 1997e(a) requires that this claim be dismissed without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (noting that "it is essential to keep the courthouse doors closed until those efforts have run their course.").

Second, Mr. Neal alleges that he has chronic leg problems that have required medical care since 1999. He complains that he is charged a $5 co-pay for each medical appointment. Mr. Neal has exhausted his administrative remedies

3

with respect to this claim, but his allegations don't state an Eighth Amendment claim.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of Estelle v. Gamble [429 U.S. 97 (1976)]." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Mr. Neal doesn't allege, and it cannot be reasonably inferred from the complaint, that anyone denied him medical treatment with regards to his leg problems. Instead, Mr. Neal's complaint is that he isn't getting free care for the treatment of his legs. The Constitution guarantees that inmates receive necessary

4

medical care, but it doesn't guarantee free medical care. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 n.7 (1983). Mr. Neal doesn't allege that he was denied care because he could not afford to pay for it, only that as a matter of principle he shouldn't have been charged. This does not state an Eighth Amendment claim.

For the foregoing reasons, Mr. Neal's claim about not receiving Harvoni is DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a) and his claim regarding having to pay for treatment is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915A. The clerk is directed to CLOSE this case.

SO ORDERED.

ENTERED: May __25__, 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court